IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BRADY LEWIS, et al.                                              PLAINTIFFS

V.                                      CIVIL ACTION NO. 2:13-CV-76-KS-MTP

MARION COUNTY, MISSISSIPPI, et al.                               DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **grants in part and denies in part** Defendant Messer's Motion to Dismiss [9]. The Court grants the motion as to Plaintiffs' claims for negligence and gross negligence, but the Court denies it as to Plaintiffs' claims for assault and battery.

The Court also **grants in part and denies in part** Defendants' Motion to Strike [11]. The Court grants the motion as to Plaintiffs' demands for punitive damages, except with regard to Plaintiffs' claims against Defendant Messer in his individual capacity. The Court also grants the motion as to Plaintiffs' demand for a jury trial of any claims under the MTCA, but denies it as to Plaintiffs' Section 1983 claims and state-law claims against Defendant Messer in his individual capacity.

A.      *Defendant Messer's Motion to Dismiss [9]*

Defendant Josh Messer argues that Plaintiff's state-law claims against him in his individual capacity – for negligence, gross negligence, assault, and battery – should be dismissed because he was acting in the course and scope of his employment at all relevant times. Plaintiffs concede that their negligence claims against Messer should

be dismissed, but they argue that the assault and battery claims may proceed because they concern "intentional, wanton, malicious and unlawful" conduct.

The Mississippi Tort Claims Act provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." MISS. CODE ANN. § 11-46-7(2). It also creates a "rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." MISS. CODE ANN. § 11-46-5(3). But "an employee shall not be considered as acting within the course and scope of his employment . . . if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." MISS. CODE ANN. § 11-46-5(2).

Plaintiff alleges that Defendant Messer "slammed him face-first onto the pavement, [causing] extensive and multiple facial fractures," which required surgery and a three-week hospital stay to repair. "Physically abusing a person in custody is not one of the duties of law enforcement personnel." *City of Jackson v. Powell*, 917 So. 2d 59, 70 (Miss. 2005). Further, a person is guilty of simple criminal assault "if he . . . attempts to cause or purposely, knowingly or recklessly causes bodily injury to another . . . ." MISS. CODE ANN. § 97-3-7. Plaintiffs' allegations are sufficient to bring Messer's actions within the definition of criminal assault and, therefore, remove them from the course and scope of his employment and the protection afforded by sovereign

immunity.[1] The Court grants Defendant Messer's Motion to Dismiss [9] as to Plaintiffs' claims for negligence and gross negligence, but the Court denies it as to Plaintiffs' claims for assault and battery.

## B.    *Defendants' Motion to Strike [11]*

Defendants also filed a Motion to Strike [11] Plaintiffs' demands for punitive damages and a jury trial. Plaintiffs agree that they can not recover punitive damages from the County or the individual Defendants in their official capacities. Therefore, the Court grants Defendants' motion in that respect.

While the MTCA requires that all claims under it shall be heard by a judge without a jury, MISS CODE ANN. § 11-46-13(1), the Court held above that Plaintiffs' allegations against Defendant Messer remove his actions from the scope of his employment and, therefore, from the scope of the MTCA. Plaintiffs also have the right to a jury trial on their Section 1983 claims. *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) ("There is a right to a jury trial under the Seventh Amendment for actions brought under section 1983 seeking legal relief."); *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998) (judge erred by ignoring Section 1983 plaintiff's demand for jury trial). Therefore, Plaintiffs' MTCA claims must be tried by the Court, but their

---

[1]*See Bonney v. Leflore County*, No. 4:11-CV-107-SA-JMV, 2013 U.S. Dist. LEXIS 42522, at *13-*14 (N.D. Miss. Mar. 26, 2013); *McBroom v. Payne*, No. 1:06-CV-1222-LG-JMR, 2010 U.S. Dist. LEXIS 107124, at *23-*24 (S.D. Miss. Oct. 6, 2010) (battery and assault claims constituted "some form of malice or criminal offense, and were not within the course and scope of employment); *Lee v. Thompson*, 859 So. 2d 981, 987 (Miss. 2003) (plaintiff had viable tort claim against government employee for intentional criminal acts).

state-law claims against Defendant Messer individually and their Section 1983 claims may be tried by jury.

SO ORDERED AND ADJUDGED this 23rd day of July, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE